## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

EVEREGE DICKENS,

     *Plaintiff,*                    CASE NO. 14-CV-12334

*v.*                            DISTRICT JUDGE BERNARD FRIEDMAN
                                MAGISTRATE JUDGE PATRICIA MORRIS

SOUTHFIELD, CITY OF,
DAVID ADAMS, *Southfield Police Department Officer,* NICHOLAS SMISCIK, *Southfield Police Department Officer,* K. LECH, *Southfield Police Department Officer,* DAVID SCHULTZ, *Sergeant, Southfield Police Department,* KENNETH RECHEN, *Southfield Police Department Officer,*

     *Defendants*.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS
(Doc. 21)

## I.    RECOMMENDATION

    **IT IS RECOMMENDED** that the motion to dismiss be **DENIED**.

## II.    REPORT

### A.    Background

    By order of U.S. District Judge Bernard A. Friedman, this *pro se* civil rights case was referred to the undersigned magistrate judge for general case management on July 23, 2014. (Doc. 7.) Plaintiff filed an amended complaint (Doc. 13,) and on October 16, 2014,

Plaintiff filed a motion for release of medical information. (Doc. 15.) On December 10, 2014, all Defendants filed a motion to dismiss (Doc. 21), Plaintiff responded (Doc. 24,) and Defendants replied. (Doc. 27.)

**B.     Discussion**

When managing a case involving a *pro se* litigant, the Court should consider the difficulties an individual faces in bringing forward their case without the benefit of legal representation. However, the Court should also balance the defendant's right to a fair and timely resolution of the litigation, and therefore *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines. *See Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

Defendants seek dismissal based on Fed. R. Civ. P. 37 and 41(b). Defendants contend that Plaintiff has failed to answer interrogatories served on Plaintiff and that Plaintiff refused to answer questions at his deposition, indicating that he wanted his lawyer with him and that he was going to hire a lawyer, although no lawyer has filed an appearance to this date. (Doc. 21.)

Rule 33 governs interrogatories and states that the "interrogatories must be answered." Fed. R. Civ. P. 33(b)(1). Under Rule 37(a)(3), motions to compel a response may be brought if a party fails to respond to a discovery request, or fails to respond during a deposition. In the instant case, no such motions have been brought before the court; therefore, no order has been entered requiring any responses. Under Rule 37(b), when a

party fails to comply with a court order relating to discovery, the court may issue "further just orders" including an order "dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(A)(v). Since there has been no motion to compel, and no corresponding order on discovery, Plaintiff could not have violated an order regarding discovery. I therefore suggest that Rule 37 sanctions, including dismissal, are not appropriate.

Rule 41(b) gives a court the authority to dismiss a case if "the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999) (quoting *Matter of Sanction of Baker*, 744 F.2d 1438, 1441 (10th Cir. 1984)). "Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also *sua sponte* dismiss an action whenever necessary to 'achieve the orderly and expeditious disposition of cases.'" *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) (quoting *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). When deciding whether to dismiss a case for want of prosecution, courts are guided by competing concerns:

> On the one hand, there is the court's need to manage its docket, the public's interest in expeditious resolution of litigation, and the risk of prejudice to a defendant because the plaintiff has failed to actively pursue its claims. . . .

3

> On the other hand is the policy which favors disposition of cases on their merits.

*Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993) (citation omitted).

In this case, Defendant contends that the case should be dismissed for Plaintiff's failure to cooperate in discovery. I suggest that discovery remedies should be sought for discovery issues. Rule 41(b) governs situations, unlike this case, where the Plaintiff has ceased to participate in the case. Here, Plaintiff has been active. Plaintiff has filed an amended complaint, has filed a motion for release of medical information, has filed a response to Defendant's motion, has requested extensions of time, and has updated his address as recently as March 11, 2015. I suggest that Plaintiff has not been inactive and therefore dismissal for want of prosecution is not appropriate. I therefore recommend denying Defendants' motion to dismiss.

## III.   <u>Review</u>

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The

4

parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  March 12, 2015                    S/ Patricia T. Morris
                                         Patricia T. Morris
                                         United States Magistrate Judge

## CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record. A copy was also sent via First Class Mail to Everege Dickens #661911 at Carson City Correctional Facility, 10274 Boyer Road, Carson City, MI 48811.

Date: March 12, 2015                     By s/Kristen Krawczyk
                                         Case Manager to Magistrate Judge Morris