UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EVEREGE VERNOR DICKENS,

    Plaintiff,                                                   Civil Action No. 14-CV-12334

vs.                                                            HON. BERNARD A. FRIEDMAN

CITY OF SOUTHFIELD, et al.,

    Defendants.
_____/

**OPINION AND ORDER REJECTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION and GRANTING DEFENDANTS' MOTION TO DISMISS**

This matter is presently before the Court on defendants' motion to dismiss the complaint [docket entry 21]. Magistrate Judge Patricia Morris has submitted a Report and Recommendation ("R&R") in which she recommends that the motion be denied. Defendants have filed objections to the R&R. Plaintiff has not responded to defendants' objections, and the time for him to do so has expired. Pursuant to Fed. R. Civ. P. 72(b)(3), the Court reviews de novo those portions of the R&R to which objections have been filed.

This is a pro se civil rights matter in which plaintiff alleges that defendant Southfield police officers used excessive force when they shot him while arresting him in June 2012. He also names the City of Southfield and the Southfield Police Department as defendants. In his original complaint [docket entry 1] plaintiff asserted claims under the Eighth and Fourteenth Amendments (Count I), for intentional infliction of emotional distress (Count II), and for "conspiracy to violate civil rights 42 U.S.C. § 1983" (Count III). In his "Amended Complaint/Claims" filed August 12, 2014 [docket entry 11], plaintiff asserts claims for gross negligence ("Count Four"), "intentional excessive force" ("Count Five"), negligence ("Count Six"), negligent infliction of emotional distress

("Count Seven"), assault ("Count Eight"), and violation of Michigan Constitution ("Count Nine"). On September 18, 2014, plaintiff filed another document entitled "Amended Complaint/Claims" [docket entry 13], which is identical to the previously filed amended complaint except that he has attached to the latter document an affidavit in which he describes the circumstances of the incident giving rise to this lawsuit.

Defendants seek dismissal of the complaint as a sanction for plaintiff's failure to respond to interrogatories and his refusal to answer questions at his deposition. Specifically, defendants note that on October 22, 2014, they mailed interrogatories to plaintiff and that he did not respond to them. In a letter dated December 2, 2014, defendants advised plaintiff that they had not received answers to their interrogatories and that they intended to file a motion to dismiss. Plaintiff did not respond to this letter or answer the interrogatories. Defendants also note that when they attempted to depose plaintiff at Ionia state prison on November 14, 2014, he refused to answer questions "[w]ithout my attorney being present." Pl.'s Dep. at 9. Plaintiff claimed he is represented by an attorney named Paul Broschay, although no attorney, by this name or any other, has entered an appearance for plaintiff in this matter.

Plaintiff's response to defendants' motion is largely unintelligible. Plaintiff seems to assert that he sent answers to defendants' interrogatories "to the named Federal Court Judge Bernard A. Friedman." Pl.'s Resp. at 1-2. The Court is unaware of any communications from plaintiff other than those filed and reflected on the docket sheet, and plaintiff's answers to defendants' interrogatories have not been filed. Plaintiff appears to justify his behavior at his deposition by claiming that he was entitled to be represented by counsel and that defense counsel's

2

questions were irrelevant.[1] In their reply, filed January 21, 2015, defendants indicate they still have not received plaintiff's answers to their interrogatories.

In her R&R, the magistrate judge suggests the Court should deny defendants' motion under Fed. R. Civ. P. 37 because defendants did not first seek an order compelling plaintiff to answer their interrogatories or to respond to their questions at his deposition, and that the Court should deny defendants' motion under Fed. R. Civ. P. 41(b) because plaintiff is actively prosecuting his case. In their objections, defendants argue that dismissal under both rules is appropriate in light of plaintiff's failure and refusal to cooperate in discovery.

Having reviewed the relevant documents in this matter, including the pleadings, the motions papers, the R&R, and defendants' objections, the Court shall reject the R&R and grant defendants' motion to dismiss the complaint. Under Rule 37(d), dismissal is an available sanction for a party's failure to attend his deposition or to answer interrogatories even in the absence of an order compelling discovery. Under Rule 41(b), dismissal is an available sanction "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." In the present case, dismissal is appropriate under both rules. Plaintiff has never answered defendants' October 22, 2014, interrogatories, although (1) defendants' December 2, 2014, letter pointed out the failure and indicated their intention to seek dismissal as a result, (2) defendants then filed a motion to dismiss and again pointed out the failure and sought dismissal, (3) the magistrate judge noted the failure in

---

[1] This, too, is belied by the record. Defense counsel informed plaintiff he intended to inquire "about what you did and the things you've been accused of and some background information before the incident with the Southfield police. I'm going to be asking you a bunch of questions about what you're doing here [and] . . . about the incident itself." Pl.'s Dep. at 9. These are all proper areas of inquiry, and plaintiff had no legitimate grounds for refusing to answer.

her R&R, and (4) defendants then filed objections to the R&R, noting that plaintiff to this day has never answered the interrogatories and repeating their request for dismissal due to that failure. Plaintiff offers no excuse or explanation, except to assert that he mailed responses to defendants' interrogatories to the Court. As noted above, the Court has never received plaintiff's answers to interrogatories and no such docket entry appears. Nor may plaintiff discharge his obligation under Rule 33 to answer interrogatories by sending his answers to the Court, as the answers must be served on the party making the discovery request. This is not a situation where a pro se litigant is unaware of his obligation or needs more time to comply.[2] Plaintiff knows he is required to answer defendants' interrogatories and he has had several months to comply. His failure to do so is clear evidence of his contumacious refusal to abide by the discovery rules and of his determination to thwart defendants' legitimate discovery efforts.

Plaintiff's behavior at his deposition similarly shows a conscious decision not to cooperate in the discovery process. On August 12, 2014, the magistrate judge ordered that defendants could take plaintiff's deposition [*see* docket entry 10]. Defense counsel made the necessary arrangements with the prison authorities and traveled to Ionia state prison for this purpose, as did the videographer defendants hired. When defense counsel began his questioning, plaintiff stated he wanted "my attorney to be present during this whole deposition" and that he would not answer any questions "[w]ithout my lawyer being present." Pl.'s Dep. at 7, 9. However, no lawyer has ever entered an appearance for plaintiff in this matter, and therefore it was nonsensical for him

---

[2] Nor are the ten interrogatories lengthy or burdensome. They ask straightforward questions about plaintiff's identifying information and medical condition, his description of his arrest and injuries, the names and contact information of witnesses, and plaintiff's involvement in other lawsuits. Plaintiff cannot plausibly argue that he was overwhelmed by complicated, difficult, or irrelevant interrogatories.

to insist on "my lawyer" being present. As plaintiff was (and still is) representing himself, he was required to proceed with the deposition and answer all questions put to him.

While dismissal of the complaint is a harsh sanction, it is appropriate in this case. Under both Rule 37(d) and Rule 41(b), the Court considers the following factors in deciding a motion to dismiss the complaint for failure to cooperate in discovery: (1) "whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault"; (2) prejudice to defendants; (3) whether plaintiff has been warned about the possibility of dismissal; and (4) whether less drastic sanctions should be considered. *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997). Regarding the first factor, plaintiff's refusal to answer interrogatories or to respond to questions at his deposition is clearly willful. He claims to have mailed his interrogatory answers to the Court, which appears to be untrue (as the Court has not received them) and is improper in any event. If plaintiff had any doubt about his duty to send his interrogatory answers to defendants, that doubt was removed by defendants' December 2, 2014, letter and by defendants' motion papers. Plaintiff's refusal to answer questions at his deposition is likewise willful. The magistrate judge's order allowed the deposition to take place, and plaintiff's only explanation for refusing to cooperate was that his attorney was not present. This explanation is untenable, given that no attorney has ever entered an appearance for plaintiff, and it can only be construed as a deliberate decision to delay the case and to prevent defendants from obtaining information to which they are entitled.

As to the second factor, the prejudice to defendants is manifest. Pursuant to the magistrate judge's scheduling order, discovery closed on November 28, 2014 [docket entry 19]. Defendants now find themselves with no answers to their interrogatories and no deposition testimony from plaintiff. They have expended time and money in a legitimate effort to pursue

discovery and additional time and money to seek relief for plaintiff's failure to cooperate. The court of appeals has recognized the prejudice caused when defendants are "unable to secure the information requested [and are] also required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide." *Harmon*, 110 F.3d at 368.

As to the third factor, plaintiff has been warned repeatedly that his complaint might be dismissed for his refusal to cooperate in the discovery process. Defendants warned him in their December 2, 2014, letter, and they specifically sought dismissal on this basis in their December 10, 2014, motion to dismiss and in their recently filed objections to the R&R.

As to the fourth factor, the Court has considered less drastic sanctions but finds them impracticable in this case. The less drastic sanctions the Court ordinarily might impose in such circumstances, such as ordering plaintiff to cooperate, imposing monetary sanctions, or using its contempt powers, are unenforceable against an indigent and incarcerated litigant. Additionally, the Court is not inclined to use such lesser sanctions in a case such as this where plaintiff is clearly aware of his responsibilities under the court rules but simply chooses to disregard them. To this day, nearly six months after he was served with defendants' interrogatories, he still has neglected to provide defendants with answers. Accordingly,

IT IS ORDERED that defendants' motion to dismiss is granted and the magistrate judge's contrary recommendation is rejected.

                                                S/ Bernard A. Friedman_____
                                                BERNARD A. FRIEDMAN
Dated: April 14, 2015                SENIOR UNITED STATES DISTRICT JUDGE
      Detroit, Michigan